UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIMORTGAGE, INC., <br><br>      Plaintiff(s), <br><br>-against- <br><br>DOROTHY GIZARIS and KONSTANTIN KOUGIANOS, <br><br>      Defendants. | Case No. 1:25-cv-06272 (JLR) <br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  On July 30, 2025, this case was removed from the Supreme Court of New York, Bronx County. Dkt. 1 at 1-2. While Defendants Dorothy Gizaris and Konstantine Kougianos ("Defendants") have not attached "a copy of all process, pleadings, and orders served" in the state court action, it appears that this case involves a mortgage foreclosure action. Dkt. 1-1. For the reasons that follow, this case is remanded to the Supreme Court of New York, Bronx County.

  It is well-established that 28 U.S.C. § 1446 requires that a defendant removing an action to federal court must file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders." 28 U.S.C. § 1446(a). Further, "a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service of process or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court . . . whichever period is shorter." *Id.* § 1446(b). "[A] district court has subject matter jurisdiction over a removed case that arises under federal law, 28 U.S.C. § 1331, only when the plaintiffs['] well-pleaded complaint raises an issue of federal law." *Marie-Dessisso v. JP Morgan Chase Bank, N.A.*, No. 15-cv-05152 (WFK), 2015 WL 5732127, at *1 (E.D.N.Y. Sept. 28, 2015) (first

1

alteration in original) (quoting *PNC Bank, N.A. v. Bisignano*, No. 12-cv-08974 (VB), 2013 WL 563373, at *1 (S.D.N.Y. Feb. 4, 2013)).

      Here, the Notice of Removal and the Amended Notice of Removal are procedurally deficient in that the Notices do not include copies of all process, pleadings, and orders served in the state action, as required by 28 U.S.C. § 1446(a).  Dkt. 1; Dkt. 5.  Further, the state-court docket reveals that this case was commenced in April 2018, well outside the statutory time for removal.  *See generally* Docket, *CitiMortgage, Inc. v. Kougianos*, Index No. 35153/2018E (N.Y. Sup. Ct.) (last updated Mar. 13, 2025) (Bloomberg Law Document ID X1Q6NVL19RO2).  These procedural defects alone support remand.  *See, e.g.*, *N.Y. State Cnty. of Nassau Supreme Ct. v. Powell*, No. 18-cv-04079 (JFB) (AYS), 2018 WL 9986665, at *2 (E.D.N.Y. Aug. 8, 2018) (remanding to state court where the notice of removal was deficient because, among other things, defendants failed to include copies of all process, pleadings, and orders served in the state action and filed the notice of removal more than ten years after the state court case was commenced); *Diallo v. Puerta*, No. 23-cv-09452 (PKC) (MMH), 2024 WL 640066, at *4 (E.D.N.Y. Feb. 15, 2024) (similar); *Wilmington Savings Fund Soc'y, FSB ex rel. Residential Credit Opportunities Tr. v. Balash-Ioannides*, No. 22-cv-07177 (AMD) (LB), 2022 WL 17549733, at *2 (E.D.N.Y. Dec. 9, 2022) (remanding state-court foreclosure action where that action was commenced seven years before removal and had proceeded in state court).

      The Court acknowledges that Defendants are proceeding *pro se* and the Court thus construes the Notices "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  Even if the Court overlooked the procedural deficiencies in the Notices of Removal, however, the Court would still remand for lack of subject matter jurisdiction.  The Defendants assert that the Court has subject matter jurisdiction because the case "involves substantial questions of federal law, constitutional violations, and issues of

due process." Dkt. 5 at 2.  But insofar as Defendants are alleging that the foreclosure action violated their constitutional or other federal civil rights, it is well-established in this Circuit that such claims do not confer subject matter jurisdiction.  *See Einhorn v. Best*, No. 10-cv-09377 (JLC) (JSR), 2011 WL 1046064, at *3 (S.D.N.Y. Feb. 10, 2011) (removing defendants' argument that state-court foreclosure action violated their constitutional rights did not confer federal question jurisdiction), *report and recommendation adopted*, 2011 WL 1046092 (S.D.N.Y. Mar. 21, 2011); *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) (no subject matter jurisdiction over removed foreclosure action where removing defendant contended that her constitutional and federal civil rights had been violated); *Bank of N.Y. ex rel. Certificate Holders of CWABS, Inc. v. Clinton*, No. 22-cv-01565 (NJC) (SIL), 2025 WL 1371818, at *2 (E.D.N.Y. May 12, 2025) (similar).  As such, even if the Court overlooked the procedural deficiencies in Defendants' removal, it would still remand this case for lack of jurisdiction.

    As such, the Court has the authority to remand this case *sua sponte* and without further notice.  The Clerk of Court is respectfully directed to remand this case to the New York Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(c), and close the case.

Dated: August 12, 2025
       New York, New York

                              SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge